

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
~~PERIOD~~
ATTORNEY GENERAL

Texas State Board of Health
Austin 2, Texas

Gentlemen:                     Attention: Mr. G. I. Carlisle
                                          Chief Clerk and
                                          Accountant

                               Opinion No. O-6005
                               Re:Whether the State Board
                                  of Health is required to
                                  make a bond under the
                                  provisions of Article 4365,
                                  Vernon's Annotated Civil
                                  Statutes, covering the
                                  loss General Revenue Fund
                                  Treasury Warrant made pay-
                                  able to the United States
                                  Government Printing Office.

        Your letter of May 4, 1944, requesting the opinion
of this department regarding the above mentioned matter is as
follows:

        "The following facts are submitted for your
opinion with reference to Article 4365 of the Ver-
non's Revised Statutes:

        "The records of this office disclose that on
or about Saturday, February 12, 1944, General Revenue
Fund Treasury warrant #610947 payable out of appro-
priation E-306 was issued by the State Comptroller
of Public Accounts payable to the U. S. Government
Printing Office in the amount of $5,295.00 in pay-
ment of its pro forma invoice for government printed
literature in the amount of $5,295.00. The warrant
was forwarded by us to the Government Printing Of-

fice on February 13, 1944, and its acceptance by the Government Printing Office was refused by reason of the fact that the warrant had to be discounted and was returned to us with that notation attached thereto.

"Under date of March 20, 1944, the warrant number #618547 was returned to the Comptroller of Public Accounts with the following letter:

"'Please cancel General Revenue Fund Treasury Warrant #618547 in the amount of $5,295.00 out of appropriation B-538 enclosed herewith, encumbrance #32007 and #32006 issued against our requisition #Hea-J307 and #Hea-J309.'

"The original of which letter was returned to this office from the Comptroller's office under date of March 22, 1944, with the following pencil notation thereon: 'No warrant enclosed, signed Bresler;' and since the Comptroller's Department claims not to have received the warrant, it would appear to have been lost.

"We are advised by the Comptroller's Department that we should execute bond in doubly the amount of the warrant, or $10,590.00 in order that the cancellation of the warrant may be affected, but since we are not the owner of the warrant, we would respectfully request that you advise us whether or not this Department is required to make the bond in accord with the provisions of Article 4365 above mentioned or any other law."

Article 4365, Vernon's Annotated Civil Statutes, provides:

"The Comptroller, when satisfied that any original warrant drawn upon the State Treasurer has been lost or destroyed, or when any certificate or other evidence of indebtedness approved by the auditing board of the State has been lost, is authorized to issue a duplicate warrant in lieu of the original warrant or a duplicate or a copy of such certificate, or other evidence of indebtedness

Texas State Board of Health, page 3

in lieu of such original; but no such duplicate warrant, or other evidence of indebtedness, shall issue until the applicant has filed with the Comptroller his affidavit, stating that he is the true owner of such instrument, and that the same is in fact lost or destroyed, and shall also file with the Comptroller his bond in double the amount of the claim with two or more good and sufficient sureties, payable to the Governor, to be approved by the Comptroller, and conditioned that the applicant will hold the State harmless and return to the Comptroller, upon demand being made therefor, such duplicates or copies, or the amount of money named therein, together with all costs that may accrue against the State on collecting the same. After the issuance of said duplicate or copy if the Comptroller should ascertain that the same was improperly issued, or that the applicant or party to whom the same was issued was not the owner thereof, he shall at once demand the return of said duplicate or copy if unpaid, or the amount paid out by the State, if so paid; and, upon failure of the party to return same or the amount of money called for, suit shall be instituted upon said bond in Travis County."

The State Board of Health is not the owner of the warrant in question nor is it asking that a duplicate warrant be issued in lieu of the original warrant. It is apparent that the foregoing statute requiring the true owner to file his affidavit and bond when any original warrant drawn upon the State Treasurer is lost or destroyed when he desires a duplicate warrant to be issued in lieu of the original warrant has no application to the question under consideration.

This statute (Article 4385, Vernon's Annotated Civil Statutes) is plain and unambiguous. It expressly forbids the issuance of duplicate warrant unless the applicant "shall also file with the Comptroller his bond in double the amount of the claim with two or more good and sufficient sureties, payable to the Governor, to be approved by the Comptroller, and conditioned that the applicant will hold the State harmless and return to the Comptroller, upon demand being made therefor, such duplicates or copies, or the amount of money named therein, together with all costs that may accrue against the State on collecting the same."

As heretofore stated, the foregoing statute has no application to the question under consideration. Therefore, it is the opinion of this department that said statute does not require the State Board of Health to execute a bond in view of the facts involved.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY

(Acting)

AW:EP